UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMORY DAY,

     Petitioner,

v.

ERIC RARDIN,

     Respondent.

Case No. 25-cv-13742

Honorable Robert J. White

---

**OPINION AND ORDER SUMMARILY DISMISSING PETITIONER'S
WRIT OF HABEAS CORPUS**

---

On November 24, 2025, Petitioner Emory Day filed this *pro se* Petition for

Habeas Corpus under 28 U.S.C. § 2241. Petitioner, who is currently confined at Ray

Brook FCI in Essex County, New York[1], challenges prison disciplinary actions that

resulted in a temporary loss of privileges.[2] For the reasons stated below, the Petition

will be dismissed.

**DI. Background**

---

[1] *Federal Inmate Tracker*, BOP.GOV, https://www.bop.gov/inmateloc/ (last visited March 6, 2026).
[2] The Court notes that Day filed a second habeas petition challenging another disciplinary action. *See Day v. Rardin*, E.D. Mich. No. 25-cv-13779. Unlike the present action, however, that action concerns the alleged loss of good conduct time.

Petitioner is serving a 132-month sentence at Ray Brook FCI as a result of his conviction for possession and distribution of child pornography under both 18 U.S.C. §§ 2252A(a)(2) and (5). *See United States v. Day,* E.D. Mich. No. 2:21-cv-20402 (January 14, 2025).

In the present action, Petitioner identifies three prison disciplinary actions. In Report No. 4105016, Petitioner was charged with accepting money without authorization, and he was punished with a loss of phone privileges. ECF No. 1 at PageID.10. In Report No. 4130813, Petitioner was charged with refusing to obey a direct order, and he was punished with a loss of email privileges. *Id.* Lastly, in Report No. 4130659, Petitioner was charged with refusing to obey an order, being insolent, and being in an unauthorized area, and was punished with a loss of visitation, phone, and commissary privileges. *Id.*

Petitioner asserts that his due process rights were violated for each of these actions because no disciplinary hearing was held, and because the record was falsified. *Id.* PageID.6-7. Petitioner also asserts that his administrative appeals of these actions were "lost" by his unit team. *Id.* PageID.2.

## II. Standard of Review

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

2

relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions).

If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999).

### III. Analysis

Habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).

Before determining whether the procedures provided to Petitioner regarding prison disciplinary action were adequate, the Court must first determine whether the

interest at stake invoked constitutional protections. Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Generally, unless the disciplinary action is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. If there is no protected liberty or property interest at stake, the prison need not provide the inmate with a hearing that meets due process requirements.

Here, the sanctions imposed for the purported disciplinary violations did not include the loss of good time credit. And Petitioner does not allege that he was sanctioned for a period of time that imposed a significant hardship. There is no

liberty or property interest in the loss of the type of communication and commissary privileges at issue here. *See, e.g., Harris v. Farley*, No. 4:11 CV 0619, 2011 U.S. Dist. LEXIS 66500, at *4 (N.D. Ohio June 21, 2011); *Aybar v. Gunja*, No. 4:08 CV0286, 2008 U.S. Dist. LEXIS 44077, at *8 (N.D. Ohio June 3, 2008). Thus, no constitutional deprivations are implicated because of Petitioner's temporary loss of those privileges. Petitioner was, therefore, not denied due process when those sanctions were imposed, even if they occurred without an adequate hearing being held.

### IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Lastly, a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

**This is a final order and closes the case.**

Dated: March 16, 2026                    s/Robert J. White
                                         Robert J. White
                                         United States District Judge